(56 Misc. Rep. 302.)
HAMMOND v. GENERAL COMMITTEE OF REPUBLICAN PARTY OF
ERIE COUNTY et al.

(Supreme Court, Special Term, Erie County.   September 28, 1907.)

1. MANDAMUS—APPLICATION FOR PEREMPTORY WRIT—REPLYING AFFIDAVITS.
     On an application for a peremptory writ of mandamus, the replying affi-
     davits must be taken as true.
     [Ed. Note.—For cases in point, see Cent. Dig. vol. 33, Mandamus, § 403.]

2. ELECTIONS—PARTY AFFAIRS—JUDICIAL CONTROL.
     Since the primary election law imposes no duty upon a political organi-
     zation to print ballots for a primary and no duty respecting the inspection
     or distribution of any ballots, and the law confers no right upon an
     elector to inspect ballots prepared by another elector, though that elector
     be a district committeeman, and since it was never intended that courts
     should interfere with the details of party management, mandamus for an
     inspection of names of delegates to a convention in the possession of the
     general committee of a party and received from the district committee
     to be voted for at primaries before the same are presented to electors
     at the polling booths will not lie.

Application of Clark H. Hammond for a writ of peremptory manda-
mus against the general committee of the Republican party of the
county of Erie and others.   Denied.

August Becker, for relator.
Daniel J. Kenefick, for respondent.

MARCUS, J.   It is conceded that under the primary election law
there is no provision for an official ballot at the primaries, and in this
respect the primary law radically differs from the general election law;
that no authority is vested in the general committee of a party or-
ganization, or in any general committeeman or district committeeman
of a party organization, to issue an official ballot.   The framers of the
law evidently had in mind that any elector should have the right to
print or write ballots to be voted at the primaries, and the law imposes
the duty upon the primary inspectors to receive ballots presented to
them by any elector, and to have them in the polling booth, and to pre-
sent a copy of each ballot to a voter before voting.   The design of the
law was to permit absolute freedom in providing ballots for the use
of voters at primary elections; and, to make it easy for any elector to
furnish ballots, the law provides that the election commissioner must
furnish at cost to any elector applying therefor the kind of paper re-
quired to be used.   There is no rule of the Republican general com-
mittee which imposes the duty upon a district committeeman of select-
ing delegates for conventions, and there is no power conferred, either
by law or by the rules of the general committee, which requires a dis-
trict committeeman to select delegates for the various conventions.   It
appears from the replying affidavits, which must be taken as true for
the purposes of this application, that it has been the custom of the
district committeemen to have printed at the expense of the committee
the names of the delegates selected by such district committeemen, and
that the general committee has performed this service for many years
solely as a matter of accommodation to the district committeemen, and
that the general committee has not attempted to interfere in any way

with the choice of delegates so made by the district committeemen. The court is given power under the primary election law to enforce any right secured to an elector by that law and to enforce the performance of any duty imposed by that law upon a political committee. As above indicated, the primary election law imposes no duty upon a political organization to print ballots for a primary, and imposes no duty whatever in regard to the inspection or distribution of any ballots; and there is no provision in the primary law which confers any right upon an elector to inspect ballots prepared by another elector, even though that elector be a district committeeman. It is obvious that the court is without power to grant the relief asked for. It was never intended that the courts should be called upon to interfere with the details of party management.

The application for a peremptory writ of mandamus is denied.